NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4494-15T2

ESTATE OF VINCENT E. COYLE,

 Plaintiff-Respondent,

v.

CRAIG SCOTT, President,
Singer Kearfott Corp.,

 Defendant-Appellant.
____________________________

 Submitted April 25, 2017 – Decided May 16, 2017

 Before Judges Fasciale and Gilson.

 On appeal from the Superior Court of New
 Jersey, Passaic County, Docket No. SC-0415-
 16.

 Julie R. Witte, attorney for appellant.

 Respondent has not filed a brief.

PER CURIAM

 Defendant Kearfott Corporation (Kearfott) appeals from a May

11, 2016 judgment of $3042 awarded in small claims court following

a bench trial. We affirm.
 Plaintiff is the Estate of Vincent Coyle (Estate). Coyle

worked for the Singer Company from 1955 to 1986. During his

employment, Coyle became entitled to a $3000 death benefit.

 In 1988, Kearfott Guidance and Navigation Corporation

(Kearfott Guidance) purchased certain assets of the Singer

Company. Kearfott Guidance later changed its name to Kearfott

Corporation.

 In 1991, Kearfott sent a letter to Coyle informing him that

Kearfott would no longer offer the death benefit to Coyle. The

letter went on to explain that if Coyle had satisfied certain

requirements at the time of his retirement, he may have been

eligible for the $3000 death benefit. Coyle contacted Kearfott's

human resources department and, in 1992, Kearfott sent a letter

to Coyle stating that his death benefit would continue and was in

effect.

 Thereafter, Coyle died and the Estate requested that Kearfott

pay the $3000 death benefit. Kearfott, however, refused to pay.

Thus, the Estate filed a complaint in the Special Civil Part of

the Law Division. The Estate was self-represented by Patricia

Seidel, who is Coyle's daughter and the executor of the Estate.

The complaint named Craig Scott as defendant and identified him

as president of "Singer Kearfott."

 2 A-4494-15T2
 It is undisputed that Kearfott received the complaint because

on the day of the trial, Kearfott appeared, represented by its

vice president of finance, Steven Grant, Esq., who is also a

lawyer. At trial, the court heard testimony from Seidel and

Grant. The court also considered various letters and documents

submitted by the parties.

 Kearfott contended that when it purchased certain assets from

Singer, it did not assume Singer's liabilities or obligations.

Kearfott also argued that the obligations of Singer, including the

death benefit granted to Coyle, were discharged in Singer's 1989

bankruptcy proceedings.

 Kearfott acknowledged, however, that it had agreed to honor

the death benefits for certain former Singer employees. In that

regard, Grant explained that in the 1990s, a number of former

Singer employees raised the issue of the death benefits with

Kearfott. Some of those former Singer employees were working for

Kearfott and other former Singer employees had relatives working

at Kearfott. Ultimately, Kearfott agreed to honor the death

benefits for the Singer employees who retired from Singer, but not

honor the benefits for employees who were terminated from Singer

or who left Singer with a severance payment.

 After hearing the testimony and reviewing the documents, the

trial court found that (1) Coyle had retired from Singer; (2)

 3 A-4494-15T2
Singer sent Coyle a letter in 1991 informing him that he would no

longer receive the death benefit; (3) Coyle communicated with

Kearfott; and (4) Kearfott ultimately agreed to continue to provide

Coyle with a $3000 death benefit. In making those findings, the

court relied on a January 13, 1992 letter sent to Coyle from

Kearfott, which stated: "Upon review, we wish to advise you that

your $3,000 life insurance benefit will continue and is in effect."

 Accordingly, the trial court entered a judgment awarding the

Estate $3000 plus $42 in costs. Kearfott now appeals from that

judgment.

 On appeal, Kearfott makes three arguments: (1) the Estate

cannot collect benefits from an individual, Craig Scott, with whom

Coyle never had a relationship; (2) the correspondence sent by

Kearfott did not establish a contractual obligation, Kearfott made

a unilateral mistake in confirming the death benefits, and that

mistake does not create an enforceable contract; and (3) the

January 13, 1992 letter from Kearfott to Coyle was not a valid

enforceable contract because there was no consideration.

Plaintiff did not file a responding brief on this appeal. Having

reviewed the record, we reject the arguments put forth by Kearfott

and affirm.

 Kearfott's first argument is a technical, procedural

argument. Kearfott argues that the named defendant, Craig Scott,

 4 A-4494-15T2
had no relationship with Coyle. Kearfott never raised this

argument before the trial court. Accordingly, we need not consider

it. See State v. Stein, 225 N.J. 582, 599 (2016) (noting, "issues

not raised below will ordinarily not be considered on appeal"

(quoting N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J.

328, 339 (2010))). Nevertheless, even if we consider the argument,

it has no merit. The transcript of the trial makes it clear that

the parties and the court understood that the proper defendant was

Kearfott Corporation. Thus, if this argument had been raised, the

trial court could have allowed plaintiff to amend the complaint.

See R. 4:9-2 (allowing amendment of the pleadings by motion "as

may be necessary to cause them to conform to the evidence").

Accordingly, it is clear that the judgment is against Kearfott.

 Kearfott's two other arguments rely on law concerning

contractual obligations. Thus, Kearfott contends that its 1992

correspondence to Coyle did not create an enforceable contract

because there was no consideration. Moreover, Kearfott argues

that the 1992 letter was based on a unilateral mistake in that

Kearfott thought that Coyle had retired, but it now contends that

Coyle received a severance package.

 We need not engage in an analysis of contractual law to

enforce this judgment. The principle of promissory estoppel binds

Kearfott. See Toll Bros., Inc. v. Bd. of Chosen Freeholders of

 5 A-4494-15T2
Burlington, 194 N.J. 223, 253 (2008) (stating that the elements

of promissory estoppel are "(1) a clear and definite promise; (2)

made with the expectation that the promisee will rely on it; (3)

reasonable reliance; and (4) definite and substantial detriment").

 When Kearfott first informed Coyle that he would not receive

the benefit, Coyle had communications with Kearfott that showed

that Coyle thought he was entitled to receive the death benefit.

Kearfott then confirmed that he would receive the death benefit.

Coyle reasonably relied on Kearfott's 1992 letter, a clear and

definite promise to provide the death benefit. If that promise

were not enforced, Coyle would have relied on the promise to his

detriment. Kearfott is, therefore, estopped from now contending

that Coyle's estate is not entitled to the death benefit.

 Affirmed.

 6 A-4494-15T2